**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MARUBENI-ITOCHU STEEL CANADA, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. NO. _____ |
| | § | Admiralty Rule 9(h) |
| M/V SEA STAR, her engines, tackle, boilers, etc., *in rem* | § § § | |
| v. | § § § | |
| DAEWOO LOGISTICS CORP., and STAR SHIPOWNING, INC. | § § § | |
| Defendants. | § | |

## COMPLAINT

1.      Plaintiff, **Marubeni-Itochu Steel Canada, Inc.** (hereafter also "Marubeni" or "Plaintiff" ) by its attorneys, Hill Rivkins LLP, complaining of the above named vessel and defendants (collectively "Defendants"), and alleges upon information and belief:

**A.**

2.      This is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333, 9 U.S.C § 8, and Rule 9(h) of the Federal Rules of Civil Procedure.

**B.**

3.      At and during all the times hereinafter mentioned, Marubeni was the consignee and owner of the cargo in question and brings this action on its own behalf and on behalf of all who may become interested in the cargo. Marubeni had and now has the legal status and principal office and place of business stated in Schedule A attached.

**C.**

4.      At and during all the times hereinafter mentioned, Defendants had and now have

the legal status and offices and places of business stated in Schedule A. They were, and

now are, engaged in business as common carriers of merchandise by water for hire, and

owned, operated, managed, chartered and controlled the above-named vessel which now

is, or will be, within the jurisdiction of this Court, or another U.S. court of competent

jurisdiction, during the pendency of this action. Plaintiff requests that the court permit

later service of the *in rem* aspect of this case, awaiting this foreign vessel's return to the

United States for service of *in rem* process.

**D.**
**COUNT 1 – CARRIAGE OF GOODS BY SEA ACT**

5.      On or about March 17, 2015, at Kaohsiung, Taiwan, the M/V SEA STAR and

Defendants received, in good order and condition, the shipment described in Schedule A,

which the vessel and Defendants accepted and agreed to transport for certain

consideration to the Port of Houston, Texas.

**E.**

6.      Thereafter, the vessel arrived at the Port of Houston, where the cargo was found

damaged by rust and physically damaged. On information and belief, Defendants

breached, failed and violated their duties and obligations as common carriers and were

otherwise at fault.

**F.**
**COUNT 2 – BAILMENT**

7.      Plaintiff further alleges, in the alternative and without waiving the above cause of

action, that all Defendants were bailees of Plaintiff's cargo described in Schedule A.

Defendants delivered the cargo described in Schedule A in a damaged condition which did not exist at the time of Plaintiff's/bailor's delivery to the bailee as described in Schedule A. Defendants breached their duties and obligations as bailees and were negligent.

### G.

8.      Plaintiff was the shipper, consignee and/or owner of the shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

### H.

9.      Plaintiff has duly performed all duties and obligations on its part to be performed.

### I.

10.     By reason of the above-stated premises, Plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of THIRTY THOUSAND AND 00/100 DOLLARS ($30,000.00).

### J.

11.     All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

Plaintiff prays:

1.  That summons in due form of law may issue against defendants;

2.  That a judgment may be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages together with interest and the costs and disbursements of this action;

3

3.   That process in due form of law according to the practice of this court in causes of admiralty or maritime jurisdiction may issue against said the vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters stated, and this court will be pleased to pronounce a judgment in favor of plaintiff for damages together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefor; and

4.   That this court will grant to plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

DANA K. MARTIN
Texas Bar No. 13057830
SDTX I.D. No. 126
HILL RIVKINS LLP
55 Waugh Drive, Suite 1200
Houston, Texas 77007
Telephone:     (713) 222-1515
Direct Line:    (713) 457-2287
Telefax:        (713) 222-1359
E-mail: dmartin@hillrivkins.com

ATTORNEYS FOR PLAINTIFF
MARUBENI-ITOCHU STEEL CANADA,
INC.

## **VERIFICATION**

THE STATE OF TEXAS    *

                                  *

COUNTY OF HARRIS    *

        Dana K. Martin, being duly sworn, deposes and says:

        I am an attorney and member of the firm of Hill Rivkins LLP, attorneys for Plaintiff. I am over twenty-one (21) years of age and fully competent to make this Verification. I have read the foregoing Complaint and know its contents. The Complaint is true to my knowledge, except as to the matters stated in the Complaint to be based on information and belief, and as to those matters, I believe them to be true.

        The source of my information and the grounds for my belief as to those matters stated in the Complaint, to be alleged on information and belief, are documents and records in my files.

_____
Dana K. Martin

        Subscribed and sworn to before me, the undersigned authority, this 2nd day of April, 2016.

_____
Notary Public, State of Texas
My Commission Expires _3/26/2020_



ROSA LANDIN
Notary Public, State of Texas
Comm. Expires 03-26-2020
Notary ID 4267395

5

## SCHEDULE A

## LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

Plaintiff, **Marubeni-Itochu Steel Canada, Inc.**, was and now is a Canadian corporation with an office and place of business at:

Metro Tower II, Suite 170
4720 King's Hwy.,
Burnaby, BC V5H 4N2, CANADA

The **M/V SEA STAR**, is a general cargo vessel sailing under the flag of The Marshall Islands.  The vessel was built in 2014, and its gross tonnage is 33,042 metric tons.  Its IMO number is 9624500.

Defendant, **DAEWOO LOGISTICS CORP. ("DAEWOO")**, was and now is a Korean corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home office at:

Daewoo Logistics Corp.
9th Floor Daewoo Foundation Building,
526, 5-Ga Namdaemunno, Chung- Gu
Seoul, Korea

\Defendant, **Star Shipowning, Inc.**, ("STAR SHIPOWNING") was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home office at:
c/o
Golden Ocean Management AS,
Bryggegata 3
Oslo 0250 Norway

## DESCRIPTION OF SHIPMENT

| | |
|---|---|
| Vessel: | M/V SEA STAR |
| Date of Shipment: | March 17, 2015 |
| Port of Shipment: | Kaohsiung, Taiwan |
| Port of Discharge: | Houston, Texas |
| Shipper: | Far East Machinery Co., Ltd. |
| Consignee: | Marubeni-Itochu Steel Canada, Inc |
| Description of Shipment: | 219.809 MT of ERW Steel Pipe |
| Nature of Loss or Damage: | Rust Contamination and Physical damage |
| Amount: | $30,000.00 |